IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARCUS A. MALEY
ADC # 144160                                                                                        PLAINTIFF

V.                              CASE NO. 1:10CV00020 SWW/BD

LARRY NORRIS, *et al.*                                                                          DEFENDANTS

RECOMMENDED DISPOSITION

I.      **Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.     **Introduction:**

On April 13, 2010, Plaintiff, formerly an inmate at the Arkansas Department of Correction ("ADC"), filed his Complaint in this action pro se under 42 U.S.C. § 1983.[1] (Docket entry #2)  Plaintiff is proceeding *in forma pauperis*. (#9)

In his Complaint, Plaintiff claims that he arrived at the Grimes Unit of the ADC on June 17, 2009.  He states that he "achieved parole" on August 12, 2009.  On September 2, 2009, Plaintiff sent an "interstate compact parole plan" to Kansas Board of Parole member Rose Rice.  On December 28, 2009, Plaintiff was informed that his "IPO parole" had been denied.  Plaintiff's family apparently told him that this was not true and that he actually had been granted parole in Kansas.

Plaintiff states that during the next three months, he applied and was accepted to several halfway houses in Arkansas.  He alleges that despite his acceptance to the various facilities, his "parole plan" was consistently denied.  Plaintiff names as Defendants Larry Norris, the State of Arkansas, John Maples, Stevens, and Crews and requests monetary damages.

The Court recommends that Plaintiff's claims be dismissed with prejudice and that the District Court certify that this dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).

---

[1] According to Plaintiff's April 30, 2010 Notice of Change of Address, he now is incarcerated in the Franklin County Detention Center.  (#7)

**III.    Discussion:**

    A.    Standard

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still must assert facts sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    Defendants Norris, the State of Arkansas, Maples, and Crews

Here, Plaintiff fails to mention Defendants Norris, the State of Arkansas, Maples, or Crews in his Complaint.  Because Plaintiff fails to allege how these Defendants acted to violate his constitutional rights, his claims against these Defendants fail.  See *Martin v.*

*Sargent*, 780 F.2d 1334 (8th Cir. 1985) (plaintiff must allege that defendant was personally involved or had direct responsibility for the incidents that injured him or the claims are not cognizable under § 1983).

In addition, Plaintiff's claim for money damages from the State of Arkansas is barred by sovereign immunity. *Will v. Michigan Dep't. of State Policy*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

  C. Defendant Stevens

Plaintiff claims that Defendant Stevens violated his constitutional rights by consistently denying his "parole plan." The Due Process Clause itself does not create a protected liberty interest in the possibility of parole or release before expiration of a validly imposed sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Further, nothing in the Arkansas statutes governing parole creates anything more than a mere possibility of parole; thus the statutes do not establish any right to release on parole that would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984).[2]

---

[2] In *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984), the Eighth Circuit Court of Appeals held that Arkansas Board of Parole Regulation 3.09 created a liberty interest in parole. *Id*. at 661. The Court went on to explain that due process required that the Board provide more than "boiler plate" language in denying a parole request. *Id*. at 662. The Board has revised its regulations since the Court's decision in *Parker*.

Instead, the statutes place minimal limitations on the Board of Parole's discretion and provide that the Board "may" release an individual on parole when, in its opinion, there is a reasonable probability that the person can be released without detriment to the community or himself. ARK. CODE ANN. § 16-93-701(a)(1).  The statutes also clearly provide for discretion on the part of the Board in formulating "all policies, rules, and regulations regarding parole," setting conditions for parole, and in determining if or when a particular inmate will be paroled.  *Id*. §§ 16-93-206(a)(1) & (4), (e)(1) & (f), 16-93-1302.

Further, Plaintiff's unsubstantiated allegation that his family members informed him that the Kansas penal system had granted him parole is insufficient to state a constitutional claim.  First, like Arkansas, the Kansas parole statute does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.  See *Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (Kan. 1988).  See also KAN. STAT. ANN. § 22-3717(g) ("[T]he Kansas parole board may release on parole those persons . . . who are eligible for parole").  Further, although Plaintiff's family claims that ADC officials are not being truthful with him, he has no first-hand actual knowledge that the Kansas penal system has granted him parole.

Because a prisoner committed to the custody of a state penal authority, "can be assured of only one thing – that he will be released from the State's custody at the end of

5

the term of years specified by the sentencing court," Plaintiff's claims fail. *Richmond v. Duke*, 909 F.Supp. 626, 631 (E.D.Ark. 1995).

**IV.    Conclusion:**

The Court recommends that Plaintiff's claims be DISMISSED with prejudice and that this dismissal count as a strike for purposes of 28 U.S.C. § 1915(g). The Court also recommends that the District Court certify that an appeal of this matter would be frivolous and not take in good faith.

DATED this 13th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE